UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN RUMBAUGH, TRUSTEE OF THE EDITH AND JAMES HARLEY TRUST DATED AUGUST 31, 1981,

Plaintiff,

v.

CYNTHIA HARLEY, CYNTHIA HARLEY, TRUSTEE of the HARLEY FAMILY TRUST U/D/T/ dated DECEMBER 15, 1988, and DOES I through X,

Defendants.

No. 2:17-CV-01970-KJM-AC

ORDER

Plaintiff Robin Rumbaugh, as trustee of the Edith and James Harley Trust dated August 31, 1981 ("1981 Trust"), sues defendants Cynthia Harley in her individual capacity and as trustee of the Harley Family Trust dated December 15, 1988 ("1988 Trust").[1]  Compl., ECF No.

---

[1] Rumbaugh also indicates she may sue Does I to X.  While naming Doe defendants is disfavored in federal court, under *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 799-801 (9th Cir. 1986), a federal court sitting in diversity must apply the state's Doe defendant statute.  A plaintiff has an opportunity through discovery to identify these Doe defendants.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But the court will dismiss these Doe defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds.  *Id.* at 642.  The federal rules also provide for dismissing unnamed defendants that,

1

1. Rumbaugh alleges multiple common law claims based on Harley's alleged improper possession of 1981 Trust assets. Harley moves to dismiss the entire complaint, alleging in part that all claims are time-barred. Mot., ECF No. 7-1. Rumbaugh opposes, Opp'n, ECF No. 13, and Harley has replied, Reply, ECF No. 17. The court submitted the motion on February 2, 2018. ECF No. 19. As explained below, Harley's motion is GRANTED with prejudice.

I. BACKGROUND

A. Factual Background

For this motion, the court assumes the following allegations are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Rumbaugh alleges Harley, acting both in an individual capacity and as trustee of the 1988 Trust, improperly possesses 1981 Trust assets, including cash totaling $776,647.71 and real property located in Sonora, California purchased with "cash belonging to Plaintiff." Compl. ¶ 8. Harley wrongfully holds these 1981 Trust assets in the 1988 Trust or personally. *Id.* ¶¶ 6, 8. Rumbaugh, current trustee of the 1981 Trust and daughter of trust beneficiary Edith Harley, learned of Harley's possession of these assets after the October 4, 2014 death of Richard Harley ("Richard"), previous trustee and son of Edith Harley. *Id.* ¶¶ 7-9. "Upon her appointment as" trustee of the 1981 Trust in November 17, 2015, Rumbaugh "requested that [Harley] return the trust assets in [Harley's] possession to [Rumbaugh]." *Id.* ¶ 6, 9. Harley allegedly initially agreed "to deliver possession[,] and arrangements were made for the return of the assets no later than February 28, 2017." *Id.* ¶ 9. But Harley "failed to return the assets . . . as agreed, and now refuses to return the [assets] altogether" despite Rumbaugh's demands. *Id.* ¶ 10.

B. Procedural Background

Rumbaugh filed this complaint on September 22, 2017, alleging claims of conversion, unjust enrichment, constructive trust and money had and received against defendants.

---

absent good cause, are "not served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m).

2

Compl. ¶¶ 11-32. Rumbaugh seeks return of the $776,647.71 in cash and the fair market value of the real property Rumbaugh describes in the complaint among other forms of relief. *Id.* at 5.

Harley moves to dismiss the entire complaint with prejudice, alleging that all claims are time-barred because they arise from Richard's misconduct and Rumbaugh fails to sufficiently allege claims for unjust enrichment and a constructive trust. *See* Mot. at 6-16. Harley has also requested judicial notice of multiple court filings in Nevada state court. *See* Req. Judicial Notice (RJN), ECF No. 8. In opposition, Rumbaugh contends her claims arise not only from Richard's conduct but also from defendant Harley's conduct, that equitable tolling applies in the alternative and that Rumbaugh has sufficiently pleaded all claims. *See* Opp'n at 8-17. Rumbaugh requests leave to amend if the court grants Harley's motion for any reason. *See id.* at 17-19. Rumbaugh "does not object to" Harley's request for judicial notice but asserts that, through the documents the court is asked to take notice of, Harley admits "all of the factual allegations contained therein . . . ." *Id.* at 2 (underlining in original). In reply, Harley renews previous arguments, contends equitable estoppel does not preclude her from raising a statute of limitations defense and asserts leave to amend would be futile. *See* Reply at 3-9.

The court resolves the motion below.

II. <u>LEGAL STANDARD</u>

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the movant can show the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). Determining whether a complaint survives a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A claim may be subject to dismissal if allegations show it is barred by statutory limitations. *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995). The burden lies with the defendant to show "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1205.

The court must construe the complaint in a light most favorable to a plaintiff and accept as true its factual allegations. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Should a motion to dismiss be granted, district courts may allow the plaintiff leave to amend "when a viable case may be presented." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). Courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and quotation marks omitted). But leave to amend would be futile where no amendment could cure the deficiency presented. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

III. JUDICIAL NOTICE AND ADMISSIONS

    A. Judicial Notice of Court Filings

Harley requests judicial notice of multiple court filings made in Nevada state court. *See* RJN Exs. A-H. Rumbaugh does not object to Harley's request for judicial notice, but asserts an "understanding that, by asking the [c]ourt to take judicial notice [of Nevada state court filings], [Harley] has admitted <u>all</u> of the factual allegations contained therein, as well as all of the reasonable inferences that may be drawn from such allegations" for purposes of this motion to dismiss. Opp'n at 2.

The court may take judicial notice of matters that either are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). But to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Because the state court records are the proper subjects of judicial notice and certain records are relevant to the motion to dismiss, the court GRANTS Harley's request for judicial notice. The court addresses the state court records below as relevant to resolve the motion.

### B. Judicial Admissions Within Court Filings

Harley contends statements in Rumbaugh's opposition to a motion in Nevada state court constitute judicial admissions. Mot. at 6-8. Harley contends "there can be no dispute that Rumbaugh's claims are directed at, and arise from, Richard's alleged misconduct as trustee . . . , and *not* from Harley's alleged refusal to return those assets in 2017." *Id.* at 8 (emphasis in original). Although Rumbaugh disputes Harley's assertion that Rumbaugh admitted "her claims arise from [Richard's] conduct," Rumbaugh does not dispute the content of the statements Harley asserts are judicial admissions. *See* Opp'n at 8 (asserting "Rumbaugh's claims arise not only from [Richard's] conduct, . . . but also from Cynthia Harley's conduct" and "that it does not matter in the slightest whether Ms. Rumbaugh also has 'judicially admitted' that [Richard] was liable for his own wrongdoings . . . ."). Rumbaugh also provides a list of factual allegations and inferences from those allegations based on the Nevada state court filings that Rumbaugh believes Harley has admitted by requesting judicial notice. *See* Opp'n at 2-7.

Admissions in pleadings generally bind the parties and can bind the court. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (citing *Ferguson v. Neighborhood Hous. Servs.* of Cleveland, Inc., 780 F.2d 549, 551 (6th Cir.1986)). "'Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *Id.* (quoting *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr.E.D.Mich.1982)). "[S]tatements of fact contained in a brief may be considered admissions of the party in the discretion of the district court." *Id.* at 227 (emphasis omitted). Judicial admissions are "conclusively binding on the party who made them." *Id.* Trial courts have discretion to accept or reject a judicial admission in contexts such as statements made in open court by a party's attorney. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir.1997) (citing *Lacelaw*, 861 F.2d at 227).

Here, because Rumbaugh does not dispute the contents of her statements in her opposition to Harley's motion to dismiss Rumbaugh's state court petition, the court exercises its discretion to find Rumbaugh's statements there constitute judicial admissions. *See* RJN Ex. G. Specifically, Rumbaugh asserted "a prior trustee ([Rumbaugh's] brother, [Richard]) took trust assets for himself and his family." *Id.* at 1. Rumbaugh also contended Harley "refused to return trust assets, stolen by her husband . . . ." *Id.* at 4. According to Rumbaugh, "Richard had exclusive control over the trust assets" during Richard's "term as [t]rustee between 2008 and 2014." *Id.* at 3. Rumbaugh "discovered that [Rumbaugh's] brother Richard had titled certain trust assets, including . . . real property and cash assets, in the name of his family living trust that he and [Harley] were co-[t]rustees of." *Id.*

At the same time, the court declines to deem Rumbaugh's statements judicial admissions as to Harley. *See Lacelaw*, 861 F.2d at 226 ("Factual assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them."). Rumbaugh repeatedly cites her own complaint in this case, her state court petition and her opposition to Harley's motion to dismiss the state court petition, contending her own statements also constitute Harley's judicial admissions. *See* Opp'n at 2-7 (citing RJN Exs. E, G and Compl.). Because Harley did not make the statements in those documents, those statements cannot conclusively bind Harley.

IV. ANALYSIS

    A. Statute of Limitations

Harley primarily contends Rumbaugh's claims are precluded by the one-year statute of limitations established by California Code of Civil Procedure section 366.2. Mot. at 8-12. Harley asserts "the substance of [Rumbaugh's] claims arises from Richard's alleged misconduct" and Rumbaugh's claims "are truly directed at" Richard. *Id.* at 8, 11. These claims are time-barred because the statute of limitations prohibits Rumbaugh from suing more than one year after Richard's death in October 2014, Harley argues, and no grounds for tolling exist to extend the statute of limitations. *See* Cal. Code Civ. Proc. § 366.2(a); Mot. at 12-13; Compl. ¶ 7 (complaint filed on September 22, 2017, alleging Richard died on October 4, 2014). In

opposition, Rumbaugh asserts her claims "arise not only from [Richard's] conduct . . . but also from Cynthia Harley's conduct, both personally and as a co-trustee of the [1988 Trust]." Opp'n at 8. Thus, she says, section 366.2 does not apply to Rumbaugh's claims. *See* Opp'n at 9-12.

California Code of Civil Procedure section 366.2 provides in pertinent part:

> If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

Cal.Civ. Proc. Code § 366.2(a). In *Dacey v. Taraday*, 196 Cal. App. 4th 962, 981-86 (2011), the California Court of Appeal construed the meaning of the words in section 366.2(a), citing other cases in the process. As relevant here, the court observed that "[a]n action is defined as 'an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.'" *Id.* at 981 (citing Cal. Civ. Proc. Code § 22). And "[l]iability of the person, or 'personal liability' means '[l]iability for which one is personally accountable and for which a wronged party can seek satisfaction out of the wrongdoer's personal assets.'" *Estate of Yool*, 151 Cal. App. 4th 867, 875 (2007) (citing Black's Law Dict. (8th ed. 2004) at 933). As the *Dacey* court observed, another court of appeal reasoned any "misconduct must occur [before] the decedent's death," but because the action may have accrued or not accrued under section 366.2(a), "the claim does not have to be discovered while the decedent is alive." *Dacey*, 196 Cal. App. 4th at 983 (citing *Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 554 (2008)). The *Dacey* court noted that no case "has applied the statute when the decedent did not commit the injury." *Id.* at 984. The *Dacey* court concluded the California Legislature did not intend "section 366.2 to apply to mere claims, but intended the statute to apply in any action on a debt of the decedent . . . ." *Id.* at 986 (emphasis removed) (citations omitted). The California Supreme Court also reasoned this statute of limitations was intended to apply "against another person, such as a distributee . . . or a trustee." *Collection Bureau of San Jose v. Rumsey*, 24 Cal. 4th 301, 308

(2000) (emphasis removed) (citing Recommendation Relating to Notice to Creditors in Estate Administration (Dec. 1989), 20 Cal. Law Revision Com. Rep. at 515 (1990)).

Thus, if Rumbaugh "may [have] brought" an action, or a "redress . . . of a wrong" against Richard "for which [Richard] is personally accountable," and that claim "survives" Richard, the misconduct having occurred before Richard's death, Rumbaugh had at most one year after Richard's death to bring that action. *See* Cal. Civ. Proc. Code §§ 22, 366.2(a); *Dacey*, 196 Cal. App. 4th at 983; *Estate of Yool*, 151 Cal. App. 4th at 875; *Ferraro*, 161 Cal. App. 4th at 554 (reasoning section 366.2's use of "survives" means the action "might have been brought against the decedent while living"); *cf. Shewry v. Begil*, 128 Cal. App. 4th 639, 644 (2005), *as modified* (May 4, 2005) (finding section 366.2 "inapplicable" based on liability for an action that "could not have been brought against the decedent"). Section 366.2(a) therefore applies even if Rumbaugh could separately allege an action against another defendant, including Harley. *See Levine v. Levine*, 102 Cal. App. 4th 1256, 1265 (2002) ("The language is clear that the one-year statute applies to all debts of the decedent regardless of whom the claims are brought against.").

This construction comports with the observation that under California law "[t]here is no meaningful distinction between the liability of the decedent trustee who committed a tort as trustee and the successor trustee in her capacity as trustee, except that the decedent trustee's estate might also be liable." *Stoltenberg v. Newman*, 179 Cal. App. 4th 287, 294 (2009) ("[t]he authorities do not support . . . a distinction" between "the decedent trustee" and "the trust (which, as noted, is not an entity or proper party) and successor trustee . . . for purposes of the application of section 366.2").

As the *Stoltenberg* court observed, "[h]ad [decedent trustee] been alive, any tort action arising out of the acts alleged by plaintiffs would have been against him . . . . It would make no sense if the statute of limitations barring claims for a decedent's tortious actions could be avoided by not pursuing a claim against the estate of the decedent but rather proceeding against the successor trustee of the decedent's trust." 179 Cal. App. 4th at 295-96. The same court further observed, regarding the claims at issue in that case, "that whatever its form, the substance of the claims . . . [was based on] the personal misconduct of the settlor/trustee on behalf

8

of and for the benefit of the trust, that was completed entirely before the settlor/trustee died, and for which the settlor/trustee could have been held personally liable." *Id.* at 296. Thus, the action there was "one that could have been 'brought on a liability of the person' . . . and [was] based 'on a debt of the decedent.'" *Id.* (citing Cal. Civ. Proc. Code § 366.2(a) and *Rumsey*, 24 Cal. 4th at 308).

The "restrictive" and "short limitation period" set by section 366.2(a) reflects the Legislature's purpose of protecting "a decedent's heirs, beneficiaries and devisees from unknown and unfiled claims." *Dobler v. Arluk Med. Ctr. Indus. Grp., Inc.*, 89 Cal. App. 4th 530, 536 (2001) (observing section 366.2's statute of limitations "also enable[s] the expeditious administration of probate estates"); *see also Collections Bureau*, 24 Cal. 4th at 307-312 (analyzing legislative intent as to section 366.2 and relying in part on "the strong public policy of expeditious estate administration" evidenced in a California Probate Code section incorporating a one-year statute of limitations).

The court next considers whether tolling or equitable estoppel applies to the one-year statute of limitations, to the extent section 366.2 applies to claims in this case.

B. <u>Tolling and Equitable Estoppel</u>

Rumbaugh asserts section 366.2, to the extent it applies to Rumbaugh's claims, is equitably tolled under the doctrine of equitable estoppel. Opp'n at 13-15. Harley contends no tolling exception enumerated under section 366.2(b) applies here, even if Rumbaugh had alleged such an exception did apply. *See* Mot. at 12-13. In reply, Harley rebuts Rumbaugh's assertions that equitable estoppel tolls the section 366.2 statute of limitations. *See* Reply at 7-8.

Section 366.2(b)[2] provides that the limitations period established by section 366.2(a) "shall not be tolled or extended for any reason" with a few exceptions "where

---

[2] The full text of California Civil Code § 366.2(b) is as follows:

> (b) The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in any of the following, where applicable:
>
> (1) Sections 12, 12a, and 12b of this code.

9

applicable," including California Code of Civil Procedure sections related to calculating time and certain portions of the California Probate Code. *See Dobler*, 89 Cal. App. 4th at 535 & nn.8-10 ("This limitations period, however, is tolled by (1) the timely filing of a creditor claim; (2) the filing of a petition for payment of debts, claims or expenses from the decedent's revocable trust; or (3) a proceeding to judicially construe a 'no contest' provision.") (footnotes citing California Probate Code sections 9100, 9103, 1900 et seq., and 21300 et seq.). Additionally, section 366.2(a) "is not subject to delayed discovery." *Levine*, 102 Cal. App. 4th at 1265; *see also* Cal. Civ. Proc. Code § 366.2(a) (one-year limitations period for an action "whether accrued or not accrued"). As explained below, no allegations in Rumbaugh's complaint provide a basis for application of any of the enumerated bases for tolling in section 366.2(b), nor does Rumbaugh point in opposition to the possibility of her pleading such a basis. *See* Opp'n at 9-15.

Rumbaugh asserts in her opposition that equitable estoppel applies here, and the determination of whether this doctrine applies is a factual question for the jury. Opp'n at 14. As the factual basis for her assertion of equitable estoppel, Rumbaugh relies on Harley's alleged agreement to deliver the improperly possessed assets to Rumbaugh no later than February 28, 2017. *See id.*; Compl. ¶ 9. According to Rumbaugh, Harley "induced Ms. Rumbaugh into forbearing to file suit within the applicable limitations period" and section 366.2 therefore "is equitably tolled," precluding Harley "from asserting [s]ection 366.2 as a defense to" Rumbaugh's claims. Opp'n at 14-15. In reply, Harley contends Rumbaugh's asserted grounds for equitable estoppel cannot save any claims otherwise barred by section 366.2(a)'s statute of limitations.

---

(2) Part 4 (commencing with Section 9000) of Division 7 of the Probate Code (creditor claims in administration of estates of decedents).

(3) Part 8 (commencing with Section 19000) of Division 9 of the Probate Code (payment of claims, debts, and expenses from revocable trust of deceased settlor).

(4) Former Part 3 (commencing with Section 21300) of Division 11 of the Probate Code (no contest clauses), as that part read prior to its repeal by Chapter 174 of the Statutes of 2008.

Reply at 7-8. Harley is correct, based on Rumbaugh's own allegations and admissions of which the court has taken judicial notice.

In *Battuello v. Batuello*, 64 Cal. App. 4th 842, 847 (1998), the court observed that section 366.2's prohibitions on tolling or extending a claim say "nothing about equitable estoppel." But equitable estoppel, unlike tolling, "comes into play only after the limitations period has run" and could apply where "a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period." *Id.* Applying these principles to the facts of that case, the court found plaintiff had alleged sufficient facts for the doctrine to apply because defendant "convinced him not to file a timely suit by telling him that he would receive" the disputed property. *Id.* at 848. "By the time [plaintiff] learned [defendant's] promise was false, the statute of limitations had passed." *Id.*

Here, Richard died on October 4, 2014. Compl. ¶ 7. A Nevada court approved Rumbaugh's petition to be appointed trustee of the 1981 Trust on November 17, 2015. *Id.* By that time, the one-year statute of limitations had already expired, having run out well before Rumbaugh filed her complaint in September 22, 2017. Rumbaugh's alleged request that Harley return the improperly possessed 1981 Trust Assets "[u]pon her appointment as [t]rustee of the [1981 Trust," and Harley's agreement "to deliver possession," came too late for equitable estoppel to save any claims covered by section 366.2.

The court next addresses each claim, addressing whether section 366.2 bars the claim and, if not or if necessary to inform a complete analysis, whether Rumbaugh sufficiently pleads the claim.

C. <u>Conversion</u>

Harley does not assert Rumbaugh has failed to sufficiently plead a conversion claim against her, but Harley has contended section 366.2 bars Rumbaugh's entire complaint. Mot. at 8. Rumbaugh contends section 366.2 bars none of her claims. Opp'n at 9-12. Although Rumbaugh sufficiently pleads a conversion claim against Harley, section 366.2 precludes

11

1    Rumbaugh's claim because, as explained below, Rumbaugh "may [have] brought" the same
2    claim against Richard.  Cal. Civ. Proc. Code § 366.2(a).
3                    In California, a plaintiff may allege conversion by asserting "the wrongful exercise
4    of dominion over another's personal property in denial of or inconsistent with his rights in the
5    property." *In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003).  Conversion requires only intent to
6    possess, not wrongful intent.  *Id.*; *Taylor v. Forte Hotels Int'l*, 235 Cal. App. 3d 1119, 1124 (Ct.
7    App. 1991).  "To establish [conversion], a plaintiff must show 'ownership or right to possession
8    of property, wrongful disposition of the property right and damages.'"  *Kremen v. Cohen,* 337
9    F.3d 1024, 1029 (9th Cir. 2003) (quoting *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv.,*
10   *Inc.*, 958 F.2d 896, 906 (9th Cir.1992)).
11                   Rumbaugh asserts Harley has "intentionally and substantially interfered" with
12   1981 Trust assets by "refusing to return" the assets despite Rumbaugh's entitlement, thus
13   "causing harm."  Compl. ¶¶ 13, 17.  Rumbaugh has asserted facts to support those legal
14   contentions, including that Rumbaugh had learned certain assets, including a specific piece of real
15   property and a definite sum of cash, were possessed by Harley personally or in the 1988 Trust.
16   *Id.* ¶ 8 ("[r]eal property located at 22532 Phoenix Lake Road, Sonora, California" purchased "by
17   Harley with cash belonging to [Rumbaugh]" and "$776,647.71 cash deposited in [Harley's] bank
18   accounts").  Rumbaugh has also alleged Harley agreed to deliver possession of those assets but
19   "failed to return the assets" and "now refuses to return" those assets "altogether despite demands
20   by [Rumbaugh] to do so."  *Id.* ¶¶ 9-10.  Rumbaugh's allegations adequately convey the "wrongful
21   exercise of dominion over another's personal property" required for a conversion claim and
22   Harley's intent to possess (and continue possessing) that property.  *See In re Emery*, 317 F.3d at
23   1069.
24                   But Rumbaugh "may [have] brought" the same conversion claim against Richard
25   because, as Rumbaugh has admitted in a filing in Nevada state court, Richard was the one who
26   "took [1981 Trust] assets and for himself and his family" during his "exclusive control over the
27   trust assets" between "2008 and 2014," "titl[ing] certain trust assets, including . . . real property
28   and cash assets, in the name of his family living trust that he and [Harley] were co-[t]rustees of."

RJN Ex. G at 1-4.; *see* Cal. Civ. Proc. Code § 366.2(a). Thus, the one-year statute of limitations in section 366.2(a) applies, and Rumbaugh's claim is time-barred.

Rumbaugh asserts her claims "arise not only from [Richard's] conduct, . . . but also from [Harley's] conduct," both personally and as a co-trustee, which included her agreeing to deliver possession of improperly possessed trust assets no later than February 28, 2017. Opp'n at 7-8. Rumbaugh argues Harley's independent wrongdoing distinguishes this case from other cases in which courts have applied section 366.2(a)'s statute of limitations. *See* Opp'n at 11. For instance, in *Levine*, 102 Cal. App. 4th at 1258-59, plaintiffs sued defendant trustee in her representative capacity, seeking recovery of funds improperly withdrawn by decedent, the trustee's dead husband. The defendant was not involved in decedent's misconduct. Rumbaugh contends *Levine* involved no independent wrongdoing by the surviving defendant trustee, unlike Harley's independent conversion here. *See* Opp'n 11. Yet the court in *Levine* found section 366.2 barred the first amended complaint in that case, which had named the trust as a defendant and changed the claims to conversion and breach of the Probate Code instead of breach of fiduciary duty. *Id.* at 1259. And, it said, "[t]he language is clear that the one-year statute applies to all debts of the decedent regardless of whom the claims are brought against." *Id.* at 1265.

Rumbaugh argues her case is distinguishable from *Stoltenberg*, 179 Cal. App. 4th at 291, contending the facts there were different because the court had held in an earlier appeal "that plaintiffs did not allege facts showing that [surviving defendant trustee] committed any breach of fiduciary duty or caused any damages." In contrast, here, Rumbaugh alleges Harley has committed independent misconduct. Opp'n at 11. But in *Stoltenberg* the surviving defendant trustee was a co-trustee with the decedent before decedent died, like Harley here. *See* 179 Cal. App. 4th at 290. Additionally, plaintiffs, like Rumbaugh here, sued the surviving defendant trustee in her individual capacity and as the successor trustee. *Id.* at 291 & n.4. The court still determined the "action [was] one that could have been 'brought on a liability of the person' (§ 366.2, subd. (a)), and [was] based on a debt of the decedent . . . even though brought against the successor trustee." *Id.* at 296-97 (some internal quotation marks omitted) (citation omitted). The claims were therefore "barred by section 366.2." *Id.* at 297.

Rumbaugh also argues her case is distinguishable from *Rumsey*, 24 Cal. 4th at 308-10, in which the California Supreme Court found section 366.2 barred claims for unpaid debts of a debtor spouse. Rumbaugh asserts her claims here are for Harley's misconduct, not based merely on Harley's status as the spouse of Richard. *See* Opp'n at 11. Although this argument might otherwise be persuasive, Rumbaugh cannot escape the plain language of section 366.2, which provides the one-year statute of limitations applies where "an action may be brought on a liability of the person . . . ." Cal. Civ. Proc. Code § 366.2(a).

Court decisions finding section 366.2 inapplicable do not help Rumbaugh, either. In reaching these decisions, courts generally have found section 366.2 did not apply or would not apply because the wrongful conduct had not occurred before the decedent's death. *See, e.g.*, *Dacey*, 196 Cal. App. 4th at 986 (holding section 366.2 did not apply where breach of contract occurred after decedent's death, "[s]ince [plaintiff] had no cause of action against [decedent] at the time of his death"); *Lauter v. Anoufrieva*, 642 F.Supp.2d 1060, 1106-07 (C.D. Cal. 2009) (finding section 366.2 did not apply to malicious prosecution claim because claim could not have been filed before defendant died); *Ferarro*, 161 Cal. App. 4th at 552-54 (2008) (holding section 366.2 did not time-bar action alleging decedent violated agreement for the division of her estate properties and assets); *Estate of Yool*, 151 Cal. App. 4th at 876-77 ("At the time of [decedent's] death, nothing had occurred to affect the rights of . . . , the beneficiary of the resulting trust. . . . [Decedent] had not repudiated the resulting trust or shown any resistance to conveying the property. . . . The legal issue of who owned the [property] and to whom it should be conveyed only arose *after* [decedent's] death.") (emphasis in original).

This court therefore finds section 366.2 applies to Rumbaugh's conversion claim here because she could have brought that claim against Richard for his wrongdoing. Because Rumbaugh sued for this claim after the one-year statute of limitations period expired, the court GRANTS Harley's motion to dismiss the claim. Because leave to amend would be futile, the court denies leave to amend. *See Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989) ("Leave need not be granted where the amendment of the complaint would cause the

opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.").

    D.  Unjust Enrichment

Harley contends both that section 366.2 bars Rumbaugh's unjust enrichment claim and that Rumbaugh has not sufficiently pleaded this claim because she has not pleaded possession of the 1981 Trust assets "as the result of Harley's fraud or coercion, nor can she." Mot. at 14-15. Rumbaugh maintains she sufficiently pleads this claim based on "Harley's conduct." Opp'n at 15-16.

Unjust enrichment occurs when "a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting 55 Cal. Jur. 3d Restitution § 2). "'[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Id.* (citations omitted). But a court may "construe [unjust enrichment] as a quasi-contract claim seeking restitution" if a plaintiff plausibly alleges the absence of applicable and enforceable contract provisions and a benefit conferred through mistake, fraud, coercion or request. *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 232 (2014) (plaintiff alleging mistake or fraud resulting in conferred benefit of retained deposit based on potentially unenforceable contract provision); *see, e.g.*, *Longest v. Green Tree Servicing LLC*, 74 F. Supp. 3d 1289, 1302 (C.D. Cal. 2015) (plaintiffs alleging fraud by inflating insurance premiums, resulting in conferred benefit of insurers retaining "unauthorized kickbacks"); *Astiana*, 783 F.3d at 762 (plaintiffs alleging fraud through "'false and misleading' labeling" of purchased body products resulting in conferred benefit of "enrichment").

Here, Rumbaugh has not plausibly alleged the absence of any applicable and enforceable contract provisions. *See* Compl. ¶¶ 6-10, 18-22; *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 212CV02182 KJM KJN, 2016 WL 829210, at *4 (E.D. Cal. Mar. 3, 2016) ("A review of the [counterclaim] reveals no allegation that the . . . policies are unenforceable or void, and no factual allegations support a theory of their unenforceability or voidness."). But Rumbaugh arguably has pleaded that Harley has "been unjustly enriched by the possession and

15

use of" 1981 Trust assets at Rumbaugh's expense based on Harley's "agree[ing] to deliver possession" of the 1981 Trust assets then failing to do so. Compl. ¶¶ 9-10, 19-20.

Although Rumbaugh could have sued Richard for the same reasons if Rumbaugh could have pleaded the absence of any applicable and enforceable contract provisions, Rumbaugh could not have sued Richard for Harley's agreement after Richard's death to deliver the 1981 Trust assets to Rumbaugh. *Compare* Compl. ¶¶ 8-9 (Rumbaugh's request and Harley's agreement in 2015), *with id.* ¶ 7 (Richard's death in 2014).

Because Rumbaugh has not sufficiently pleaded an unjust enrichment claim, but also because Rumbaugh may be able to provide greater clarity with respect to her unjust enrichment claim to the extent she could not have sued Richard for the same misconduct, the court GRANTS Harley's motion to dismiss and grants LEAVE TO AMEND consistent with the Federal Rules and the Ninth Circuit's guidance. *See* Fed. R. Civ. P. 15(a)(2) (courts "should freely give leave when justice so requires"); *Eminence Capital, LLC*, 316 F.3d at 1051 ("This policy is to be applied with extreme liberality.").

E. Constructive Trust

Harley contends both that section 366.2 bars Rumbaugh's constructive trust claim and that Rumbaugh has not sufficiently pleaded this claim. Mot. at 15-16. Rumbaugh asserts she sufficiently pleads this claim for the same reasons she has sufficiently pleaded her unjust enrichment claim. Opp'n at 16.

"A constructive trust is an equitable remedy that compels the transfer of wrongfully held property to its rightful owner." *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 908-09 (9th Cir. 2010), *as amended on denial of reh'g* (Oct. 21, 2010) (citation omitted); *see* Cal. Civ. Code § 2223. "A plaintiff seeking imposition of a constructive trust must show: (1) the existence of a res, meaning property or some interest in property; (2) the right to that res; and (3) the wrongful acquisition or detention of the res by another party who is not entitled to it." *Mattel*, 616 F.3d at 909; *see Higgins v. Higgins*, 11 Cal. App. 5th 648, 659 (2017), *review denied* (July 26, 2017).

Here, Rumbaugh has alleged (1) an interest in property, namely the 1981Trust assets, (2) her right to that property and (3) the wrongful detention of the property by Harley. Compl. ¶¶ 8-10, 25-29. But, as with Rumbaugh's conversion claim, Rumbaugh "may [have] brought" the same conversion claim against Richard because Richard was the one who "took [1981 Trust] assets for himself and his family" during his "exclusive control over the trust assets" between "2008 and 2014," "titl[ing] certain trust assets, including . . . real property and cash assets, in the name of his family living trust that he and [Harley] were co-[t]rustees of." RJN Ex. G at 1-4.; *see* Cal. Civ. Proc. Code § 366.2(a). The court therefore GRANTS Harley's motion to dismiss this claim but denies leave to amend because amendment would be futile. *See Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d at 1160).

F. <u>Money Had and Received</u>

Harley does not assert Rumbaugh has failed to sufficiently plead a claim for money had and received against her, but does contend section 366.2 bars Rumbaugh's entire complaint. Mot. at 8. Rumbaugh asserts the court should deny Harley's motion to dismiss this claim because she does not "argue anywhere in her [m]otion to [d]ismiss that Ms. Rumbaugh's [claim] for Money Had and Received fails to state a claim . . . under Rule 12(b)(6)." Opp'n at 17.

"To prevail on a common count for money had and received, the plaintiff must prove that the defendant is indebted to the plaintiff for money the defendant received for the use and benefit of the plaintiff." *Rutherford Holdings*, 223 Cal. App. 4th at 230 (citations omitted). Further, "[m]oney had and received . . . applies when . . . unjust enrichment occurred thanks to a contract or other transfer of 'a definite sum.'" *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014), *abrogated on other grounds by Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017). "The cause of action is available where . . . the plaintiff has paid money to the defendant [under] a contract [that] is voided for illegality." *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1623 (1994), *as modified on denial of reh'g* (Sept. 29, 1994).

Here, Rumbaugh alleges Harley received, and was unjustly enriched by, cash and real property. Compl. ¶¶ 8-10 25, 31. But Rumbaugh has not sufficiently pleaded how the unjust enrichment here occurred distinct from Richard's misconduct, either through a "contract" or

"other transfer" that occurred after Richard's death. *See Berger*, 741 F.3d at 1070. As Rumbaugh has admitted, Richard was the one who "took [1981 Trust] assets and for himself and his family" during his "exclusive control over the trust assets" between "2008 and 2014," "titl[ing] certain trust assets, including . . . real property and cash assets, in the name of his family living trust that he and [Harley] were co-[t]rustees of." RJN Ex. G at 1-4. These admissions indicate the transfer of a definite sum occurred during Richard's lifetime. The court therefore GRANTS Harley's motion to dismiss.

Although the court is skeptical of Rumbaugh's ability to sufficiently amend this claim, the court grants Rumbaugh LEAVE TO AMEND this claim consistent with its reasoning in granting Rumbaugh leave to amend her unjust enrichment claim.

V. CONCLUSION

For the foregoing reasons, Harley's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Rumbaugh's conversion and constructive trust claims. Harley's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Rumbaugh's unjust enrichment and money had and received claims. Rumbaugh has 21 days from the date of this order to amend her complaint, consistent with this court's ruling.

IT IS SO ORDERED.

This resolves ECF No. 7.

DATED: August 21, 2018.

_____
UNITED STATES DISTRICT JUDGE