UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN RUMBAUGH, TRUSTEE OF THE EDITH AND JAMES HARLEY TRUST DATED AUGUST 31, 1981,

Plaintiff,

v.

CYNTHIA HARLEY, CYNTHIA HARLEY, TRUSTEE OF THE HARLEY FAMILY TRUST U/D/T/ DATED DECEMBER 15, 1988, AND DOES I THROUGH X,

Defendant.

No. 2:17-cv-01970-KJM-AC

ORDER

Defendant moves to dismiss and separately moves to strike portions of plaintiff's first amended complaint. Plaintiff opposes both motions. As explained below, the court GRANTS the motion to dismiss and DENIES the motion to strike as MOOT.

I. BACKGROUND

On August 31, 1981, grantors Edith Harley and James Harley created the Edith S. Harley and James M. Harley Trust. First. Am. Compl. ("FAC"), ECF No. 25, ¶¶ 2, 6. When James Harley died on October 29, 1987, the Trust agreement provided for the establishment of the Edith S. Harley Survivor Trust, which is revocable, and the James M. Harley Residual Trust, which is

1

irrevocable. *Id.* ¶ 6. On October 22, 2008, Edith Harley resigned as trustee of the Survivor and Residual Trusts, and her son, Richard Harley, was appointed successor trustee of both Trusts. *Id.* Richard Harley died unexpectedly on October 4, 2014. *Id.* ¶ 7. Edith Harley was unable to act as trustee of the Trusts. *Id.* Accordingly, Edith's daughter, plaintiff Robin Rumbaugh, filed a petition to confirm trustee in the First Judicial District of the State of Nevada, requesting the court appoint Rumbaugh as the successor trustee of the Trusts. *Id.* On November 17, 2015, that court appointed Rumbaugh trustee. *Id.*

On an unspecified date after Richard's death, Rumbaugh learned that assets of the Trusts were in defendant Cynthia E. Harley's possession, either in Harley's capacity as trustee of the Harley Family Trust U/D/T dated December 15, 1988, or personally. *Id.* ¶ 8. That property consists of: (1) real property located at 22532 Phoenix Lake Road, Sonora, California, which plaintiff alleges "was purchased by Defendant with cash belonging to Plaintiff," and (2) $523,868.46 in cash. *Id.* ¶ 8(a)−(b).

Also on an unspecified date, but after Rumbaugh was appointed trustee on November 17, 2015, Rumbaugh requested that Harley return the trust assets. *Id.* ¶ 9. Harley agreed and retained counsel to assist her in returning the property, and the parties arranged for the return to take place no later than February 28, 2017. *Id.* ¶¶ 9, 13. Upon Harley's request, Rumbaugh agreed that Harley's son and his family could reside on the Sonora property until that date. *Id.* ¶ 16.

In a September 12, 2016 email, Harley's counsel proposed that Harley return the property to Rumbaugh and resolve any claims Rumbaugh had against Harley. *Id.* ¶ 14. The parties then prepared a proposed written agreement for the return of the property. *Id.* ¶ 15. On November 4, 2016, Harley's counsel sent Rumbaugh's counsel an email with proposed changes to the draft settlement agreement. *Id.* ¶ 15. On February 14, 2017, Harley's counsel advised Rumbaugh for the first time that Harley would not return the property. *Id.* ¶ 17. Harley never signed the agreement. *Id.* ¶ 15. On September 22, 2017, Rumbaugh filed this suit. *See* Compl., ECF No. 1.

In her initial complaint, Rumbaugh alleged conversion, unjust enrichment, constructive trust and money had and received. *Id.* ¶¶ 11−32. The court granted Harley's motion to dismiss that complaint in its entirety, finding Rumbaugh's claims were time-barred under

California Code of Civil Procedure section 366.2,[1] which required Rumbaugh to file all claims arising from Richard's misconduct within one year of his death. Prior Order, ECF No. 24. In that order, the court found equitable estoppel did not render Rumbaugh's claims timely, as the statute of limitations expired on October 4, 2015, one year after Richard's death, and Rumbaugh alleged she relied on Harley's promise to return the property only as early as November 2015, after the statute of limitations had expired. *Id.* at 10−18. Noting unjust enrichment is not a standalone claim but may be construed as a quasi-contract claim for restitution, the court granted Rumbaugh leave to amend her claim for unjust enrichment, as she "may be able to provide greater clarity with respect to . . . the extent she could not have sued Richard for the same misconduct . . . ." *Id.* at 15−16. Applying similar reasoning, the court also granted Rumbaugh leave to amend her claim of money had and received. *Id.* at 17−18.

Rumbaugh filed her first amended complaint on September 11, 2018, bringing a single quasi-contract claim for restitution. FAC ¶¶ 11−22. Harley again moves to dismiss the complaint in its entirety, arguing Rumbaugh's claim is barred by California Code of Civil Procedure section 366.2 and that Rumbaugh cannot sufficiently allege the necessary elements of a quasi-contract claim. Mot. to Dismiss ("Mot."), ECF No. 32-1. Rumbaugh opposes, Opp'n, ECF No. 36, and Harley filed a reply, Reply, ECF No. 41. Harley also moves to strike portions of Rumbaugh's first amended complaint that, according to Harley, improperly "pertain[] to settlement discussions." ECF No. 33-1 at 2. Rumbaugh opposes that motion, ECF No. 37, and Harley has replied, ECF No. 42. After hearing argument on both motions, the court submitted the motions and resolves them here.

---

[1] Section 366.2 provides in pertinent part:

> If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

Cal. Civ. Proc. Code § 366.2(a).

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988−89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907−08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though

court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III. DISCUSSION

A quasi-contract claim seeking restitution is not based on a "true contract," but instead arises from "an obligation . . . created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his or her former position by return of the thing or its equivalent in money." 1 Witkin, Summary 11th Contracts § 1050, Nature of Restitution (2018). Restitution is the remedy for a defendant's unjust enrichment, which occurs when "a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting 55 Cal. Jur. 3d Restitution § 2). A quasi-contract claim requires: "(1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff's expense." *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017) (citing *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008)).

Rumbaugh's quasi-contract claim arises from Richard's alleged misconduct, not Harley's, and is therefore barred by section 366.2. *See* Prior Order at 16 (granting Rumbaugh leave to amend her unjust enrichment claim "to the extent she could not have sued Richard for the same misconduct . . ."). First, Rumbaugh cannot establish Harley's receipt or retention of a benefit necessary to support a quasi-contract claim, as she alleges "Defendant has been unjustly conferred the benefit of the use and possession of Plaintiff's Property through Defendant's fraudulent or mistaken representation that the Property would be voluntarily returned on February 28, 2017." FAC ¶ 20. She elaborates in her opposition, explaining she "conferred several benefits upon Harley," including (1) "ma[king] a good faith effort to resolve the matter without proceeding to litigation," (2) "agree[ing] to allow Harley to use and exercise control over the Property while the negotiations were ongoing," and (3) "agree[ing] to Harley's express request to allow her son to live at the Sonora property through February 2017." Opp'n at 9−10 (emphasis omitted).

As defendant argues, however, "Rumbaugh could not confer on anyone what she lacked authority to give." Mot. at 17. Put differently, Rumbaugh's quasi-contract claim starts from

the premise that she is the legal holder of the trust assets Richard allegedly fraudulently appropriated. For that to be true, however, Rumbaugh would need to prevail on a claim attacking Richard's allegedly wrongful appropriation of trust property; this court already has held all such claims could have been brought against Richard upon his death and are therefore time-barred under California Code of Civil Procedure section 366.2. *See* Prior Order at 6−18. Without the ability to challenge Richard's alleged misappropriation, Rumbaugh could not "allow Harley to use and exercise control over the Property" while the parties negotiated a potential settlement agreement because Rumbaugh had no legal right to prevent Harley from using and exercising such control. *See* Opp'n at 10−11. The same is true as to Rumbaugh's allegation she "allow[ed]" Harley's son to live at the Sonora property," as Rumbaugh did not hold legal title to the Sonora property and could neither allow nor disallow anyone to live there. *See id.* at 11. Similarly, Rumbaugh provides no support for the proposition that she conferred a benefit on Harley by engaging in "good faith effort[s] to resolve the matter without proceeding to litigation" when the matter involved only time-barred claims. *See id.* at 10.

Moreover, Rumbaugh does not seek restitution for the benefits she allegedly conferred on Harley while they negotiated a potential agreement for return of the trust assets. In her prayer for relief, Rumbaugh seeks "all damages [] sustained as a result of defendants' conduct . . . , including without limitation an amount equal to $523,868.46 and the fair market value of the [Sonora] real property . . . ." FAC at 5. In other words, Rumbaugh seeks the equivalent of the trust assets Richard allegedly wrongfully transferred, not restitution for the approximately one-year period during which Rumbaugh did not pursue legal action, allowed Harley's son to reside on the Sonora property and allowed Harley to exercise control over the trust assets. *See Ajaxo v. E\*Trade Group*, 135 Cal. App. 4th 21, 56 (2005) (explaining damages put injured party in position he or she would have enjoyed had the contract been fully performed while restitution requires wrongdoer to restore what he or she has received to put injured party in position occupied before contract made). Restitution would place Rumbaugh in the position she held before Harley proposed returning the trust property, meaning Rumbaugh would be left without the trust property and without the ability to pursue her time-barred claims arising from Richard's misconduct. *See id.*

6

The court previously rejected Rumbaugh's argument that because Harley promised to return the trust assets, she is equitably estopped from asserting a statute of limitations defense. Prior Order at 10−11. Because Harley first agreed to return the trust assets only after the statute of limitations had run, equitable estoppel -- which applies only when a party's wrongful "conduct has induced another into forbearing suit within the applicable limitations period" -- could not save Rumbaugh's claims. *Id.* at 11 (quoting *Battuello v. Battuello*, 64 Cal. App. 4th 842, 847 (1998) (explaining equitable estoppel, unlike tolling, "comes into play only after the limitations period has run" and estops a party "from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period")). Rumbaugh again seeks to avoid the time bar based on Harley's alleged misconduct, but now argues that Harley's agreement to return the trust property created a quasi-contract entitling Rumbaugh to the same relief she sought in pursuing her time-barred claims. Opp'n at 10−11 ("Harley promised to return the Property, and in exchange, which induced Rumbaugh to refrain from legal action . . . . [Harley] should not be allowed to rely on the statute of limitations defense after conceding that [the property] is not rightfully hers, and after having promised to return it."). Rumbaugh still has not explained how Harley's alleged agreement to return the trust property is actionable independent of Rumbaugh's claims against Richard; she therefore has not stated and cannot state a viable claim.

Taking Rumbaugh's allegations as true, as the court must, Harley knows she holds property Richard wrongfully appropriated and Harley decided to keep that property merely because the statute of limitations has run. Harley's alleged conduct was wrongful. While the result may be harsh, the law governs resolution of the disputed motion, and Rumbaugh has not provided the court with any legal or equitable basis to rectify the wrong alleged, particularly in light of the clear policy rationale that gave rise to section 366.2. The court granted Rumbaugh a limited opportunity to raise a claim "to the extent she could not have sued Richard for the same misconduct . . . " Prior Order at 16. Rumbaugh has not stated such a claim. Accordingly, the motion to dismiss is

/////

/////

GRANTED and the motion to strike is DENIED as MOOT. The Clerk of Court is directed to CLOSE this case and enter judgment in defendant's favor.

IT IS SO ORDERED.

DATED: July 3, 2019.

_____
UNITED STATES DISTRICT JUDGE